IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-4398-K-BN |
| | § | (consolidated with |
| | § | No. 3:12-cv-4633-K-BN) |
| JASON SMITH, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

Plaintiff Wells Fargo Bank, N..A. ("Wells Fargo") brought this forcible detainer action against Defendants Sharonda Monique Sikes, Jason Smith, and all other occupants of 421 Timberlake Drive, in Desoto, Texas (the "Property") in Texas state court. *See* Dkt. No. 12-1. Defendant Jason Smith, proceeding *pro se*, removed this civil action from Justice of the Peace Court, Precinct 4, Place 1, of Dallas County, Texas, to federal district court, where it was docketed as Case No. 3:12-cv-4398-K. *See* Dkt. No. 1.[1] Counsel subsequently entered an appearance on behalf of Mr. Smith and Ms. Sikes.

---

[1] By court order [Dkt. No. 20], this case was consolidated with Case No. 3:12-cv-4633-K-BN, *Smith v. Wells Fargo Bank*, which was also removed from Texas state court and

*See* Dkt. Nos. 16, 17, & 19.

Plaintiff Wells Fargo has filed a motion to remand this civil action to state court. *See* Dkt. No. 11. Defendants filed a formal notice that they are unopposed to the relief sought in that motion and "concur in the opinion that this matter should be remanded to the Justice of the Peace Court of Dallas County, Texas, Precinct 4, Place 1." Dkt. No. 18 at 2.

The undersigned now determines that the Court lacks subject matter jurisdiction and that remand – to which Defendants are unopposed – is required.

**Legal Standards and Analysis**

Plaintiff seeks to remand this case because (1) Defendants' notice of removal is untimely; (2) Defendants failed to meet their burden to establish that federal jurisdiction exists; and (3) Defendants' removal failed to comply with the requirements of 28 U.S.C. § 1446. Dkt. No. 11. The undersigned concludes that Defendants have failed to meet their burden to establish that federal jurisdiction exists over Wells Fargo's forcible detainer action and that the case's removal contravened the "forum-defendant rule" under 28 U.S.C. § 1441(b).

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *Miller v. Diamond*

---

involves Jason Smith's claims against Wells Fargo Bank. Those claims against Wells Fargo are subject to a pending motion to dismiss that is not yet ripe [*see* Dkt. Nos. 27 & 29], and these Findings, Conclusions, and Recommendation address only the action instituted by Wells Fargo that was originally docketed as Case No. 3:12-cv-4398-K.

*Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendant Smith's Notice of Removal asserts that this Court has jurisdiction under the diversity statute. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. §§ 1332(a), (b). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sep. 11, 2012) (citing cases). Here, the record is wholly devoid of any evidence or argument to establish the value of the right to possess or occupy the property or that it exceeds $75,000. In response to Plaintiff's Motion to Remand,

Defendants do not contend otherwise. *See* Dkt. No. 18. Accordingly, the undersigned determines that Defendants have failed to satisfy their burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

As grounds for removal, Defendant Smith's Notice of Removal also invoked federal question jurisdiction and alleged that "[t]his court has jurisdiction over this matter as it involves a Federal judicial *question*, the taking of real property without due process." Dkt. No. 1 at 2. Defendant Smith's Notice of Removal indicated that he intends to litigate these alleged federal law issues in this case. *See id.* But Defendants have not established federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Defendant Smith's removal papers make clear that, to support jurisdiction in this Court, he alleges a federal question based upon a defense and/or a counterclaim that he sought to litigate in response to Plaintiff's state court forcible detainer action. *See* Dkt. No. 1 at 2. Yet a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for

federal-court cognizance."); *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Here, Defendant has not even alleged, much less shown, that Plaintiff raised any

federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action or that Plaintiff's state law claims are completely preempted by federal law. And a review of Plaintiff's Sworn Complaint for Forcible Detainer shows that it did not raise any such federal claims or issues. *See* Dkt. No. 12-1. Accordingly, Defendant has failed to satisfy his burden to show that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)).

Additionally, Plaintiff seeks remand on the basis of the so-called "forum-defendant rule." Here, Defendant Jason Smith represented that he is a citizen of Texas – the same state where Plaintiff filed the underlying eviction proceeding – on the Civil Cover Sheet he filed with his Notice of Removal. *See* Dkt. No. 1 at 12. An action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. 28 U.S.C. § 1441(b)(2). Failure to comply with this requirement renders the removal defective. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of "forum-defendant rule" is defective). Accordingly, even if the Court had subject matter jurisdiction, the case should be remanded for this reason as well.

Although Plaintiff also contends that remand is required because removal of the case was untimely and because there is no indication that Defendant Sikes, or any other properly joined and served defendant, consented to removal, these issue are mooted by the undersigned's determination that the Court lacks subject matter jurisdiction over the action and, additionally, that Defendant Smith removed the case in contravention of the forum-defendant rule. The Court therefore need not decide these issues.

**Recommendation**

The Court lacks subject matter jurisdiction over the action *Wells Fargo Bank v. Smith, et al.*, Case No. 3:12-cv-4398-K-BN, as removed on November 1, 2012; additionally, the removal of this action was defective because it contravened the "forum-defendant rule" under 28 U.S.C. § 1441(b). Accordingly, the Court should grant Plaintiff's Motion to Remand [Dkt. No. 11] and remand the action *Wells Fargo Bank v. Smith, et al.*, Case No. 3:12-cv-4398-K-BN, to the Justice of the Peace Court of Dallas County, Texas, Precinct 4, Place 1, from which it was removed. Jason Smith's claims against Wells Fargo Bank, as removed by Wells Fargo on November 15, 2012 from the 116th District Court, Dallas County, and originally docketed in this Court as Case No. 3:12-cv-4633-K, remain pending and subject to a not-yet-ripe motion to dismiss.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 11, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE